IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Patrick Michael Lynch, # 362369, | ) | |
| | ) | Civil Action No. 6:15-4147-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| State Accident Fund; | ) | |
| Trenton C.I.; | ) | |
| S.C.D.C.; | ) | |
| State of S.C., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Plaintiff's case be dismissed without prejudice and without service of process. (ECF No. 9). Plaintiff was advised of his right to file objections to the Report (ECF No. 9 at 3), and he has filed timely objections. (ECF No. 11).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

1

Plaintiff's objections are unspecific as to the dispositive portions of the Report. Plaintiff has failed to address the conclusions set forth in the Report or allege any error by the magistrate judge. Instead, Plaintiff seeks review of his case by a district court judge. (ECF No. 11). Plaintiff also asks three questions which he has called objections. First, Plaintiff wants to "to know why South Carolina Department of Corrections isn't responsible for [his] left index tip being amputated." (ECF No. 11). Plaintiff also wants to know why he has not "received any legal counsel in this matter." (ECF No. 11). Third, Plaintiff would like to know "who is liable for the loss of [his] left index finger tip that [he] will suffer from for the rest of [his] life." (ECF No. 11). The court finds that the well-written Report properly recommended the dismissal of the Trenton Correctional Institution, South Carolina, the South Carolina State Accident Fund, and the South Carolina Department of Corrections.

As to Plaintiff's request for counsel, the court finds that counsel should not be appointed. There is no right to appointed counsel in a § 1983 case. *See Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). Counsel should only be appointed in "exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). An exceptional case exists when "it is apparent . . . that a pro se litigant has a colorable claim but lacks the capacity to present it . . . ." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296 (1989) (quoting *Gordon v. Leeke*, 574 F.2d 1147, 1173 (4th Cir. 1978)). The court finds that Plaintiff's case is not an exceptional one warranting the appointment of counsel. Plaintiff's complaint alleges that "[he] was cuting (sic) wood on a cullander (sic) saw, where [he] accidently got [his] left index finger tip cut off completely." (ECF No. 1 at 3). Plaintiff seeks to recover damages for the pain he has suffered since losing his finger tip. (ECF

No. 1 at 5). The court finds that Plaintiff has not stated a claim warranting the appointment of counsel.

Therefore, after a thorough review of the Report and the record in this case, the court adopts the magistrate judge's Report (ECF No. 9) and incorporates it herein. Therefore, Plaintiff's action is **DISMISSED** without prejudice and without service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Timothy M. Cain
United States District Judge

November 16, 2015
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.